## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-22911-MOORE/BECERRA

IDALMIS DE LA CARIDAD BRITO,

      Plaintiff,

v.

ANDREW SAUL,
ACTING COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,

      Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES
## UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA)

This matter is before the Court on Plaintiff Idalmis De La Caridad Brito's ("Plaintiff")

Motion for Attorneys' Fees and Incorporated Memorandum of Law ("Motion") under the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  ECF No. [26].  Defendant Andrew Saul

("Defendant" or "Commissioner") filed his Response in Opposition to Plaintiff's Motion for

Attorneys' Fees under the Equal Access to Justice Act ("Response").  ECF No. [28].  Plaintiff

thereafter filed her Reply to Defendant's Response ("Reply").  ECF No. [29].  After due

consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised

in the premises, Plaintiff's Motion, ECF No. [26], is **GRANTED in part and DENIED in part**.

For the reasons discussed below, Plaintiff should be awarded **$7,848.45** in attorneys' fees, payable

to her counsel, Joseph Teplicki, less any federal debt Plaintiff may owe.

## I.  BACKGROUND

On February 25, 2020, the District Court entered Judgment in favor of Plaintiff, remanding

the case back to the Commissioner.  ECF No. [25].  Following the Entry of Judgment, Plaintiff

filed the instant Motion on March 25, 2020, requesting $9,345.15 in attorneys' fees under the EAJA.  ECF No. [26].  On April 8, 2020, Defendant filed his Response alleging that Plaintiff's request was unreasonable and should be reduced by fifteen hours.  ECF No. [28] at 3–5.  Plaintiff filed her Reply on April 15, 2020.  ECF No. [29].

## II.    ANALYSIS

### A.  Plaintiff is Entitled to Recover Attorneys' Fees under the EAJA.

Under the EAJA, a party is entitled to an award of attorneys' fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely filed an application for attorneys' fees; (4) the party had a net worth of less than $2,000,000 when the complaint was filed; and (5) no special circumstances would make the award of fees unjust.  *See* 28 U.S.C. § 2412(d).  A plaintiff in a social security appeal prevails if the court orders a "sentence four remand."  *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993).  "An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry."  *Delaney v. Berryhill*, No. 17-81332-CIV-BRANNON, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018); *see Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30–day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").  An EAJA request must allege that the Government's position was not substantially justified, which then shifts the burden to the Commissioner to show that it was.  *See Comm'r I.N.S. v. Jean*, 496 U.S. 154, 160 (1990); *see also U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).

Plaintiff is entitled to an EAJA award because Plaintiff has met all five conditions.  First, it is undisputed that Plaintiff prevailed in this case because the District Court entered Judgment in favor of Plaintiff, remanding the case to the Commissioner.  ECF No. [25].  Second, Plaintiff's

Motion alleges that the Commissioner's position was not substantially justified, and the Commissioner failed to argue otherwise. ECF Nos. [26-1] at 2–3, [28]. Third, Plaintiff's Motion was timely filed.[1] Fourth, Plaintiff's Motion alleges that Plaintiff's net worth did not exceed $2,000,000 at the time the Motion was filed. ECF No. [26] at 1. Finally, the Commissioner does not contend that this case presents a special circumstance, and none is apparent to the Court. Accordingly, the Court finds that all five conditions have been met in this case and Plaintiff is entitled to an EAJA award. The Court must now determine whether the requested amount is reasonable.

**B.  The Amount Requested By Plaintiff Should Be Reduced To A Total Of $7,848.45 In Attorneys' Fees.**

The EAJA "establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). The first step "is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court

---

[1] Specifically, Plaintiff's Motion was filed on March 25, 2020, which was in advance of March 26, 2020—the thirty-day deadline of the District Court's February 25, 2020 Order, ECF No. [25], becoming a final non-appealable judgment. *See Shalala*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). Here, because the District Court did not issue a separate document of judgment, its February 25, 2020 Order, ECF No. [25], did not become a judgment, within the meaning of Federal Rule of Civil Procedure 58, until 150 days later or July 24, 2020. *See* Fed. R. Civ. P. 58; *see also Cruz v. Berryhill*, 347 F. Supp. 3d 1199, 1203 (S.D. Fla. Oct. 16, 2018), *report and recommendation adopted*, No. 16-CV-21307-KMM, 2018 WL 6620136 (S.D. Fla. Nov. 16, 2018). In addition, because the Commissioner had sixty days to appeal, the District Court's February 25, 2020 Order did not become a final non-appealable judgment until Tuesday, September 22, 2020—sixty days from July 24, 2020. *See Baez v. Comm'r of Soc. Sec.*, No. 18-11952, 2019 WL 285195, at *2 (11th Cir. Jan. 22, 2019) (citing Fed. R. App. P. 4(a)(1)(B) ("Because a United States officer is a party to this action, the government had 60 days to appeal after entry of judgment."); *see also Shalala*, 509 U.S. at 303 ("EAJA's 30-day time limit runs from the *end* of the period for appeal, not the *beginning*.") (emphasis in original).

should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor."[2] *Id.* at 1033–34. The undersigned next analyzes the reasonableness of Plaintiff's requested hourly rate and numbers of hours expended in this matter.

i. **Attorney Joseph Teplicki Should Be Compensated At An Hourly Rate Of $205.25 For Work Performed in 2019 and $206.77 For Work Performed in 2020.**

The EAJA provides that attorneys' fees "shall be based upon prevailing market rates for the kind and quality of the services furnished" but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The EAJA, therefore, expressly provides for a cost of living adjustment. *Sensat v. Berryhill*, No. 15-24727-CIV-SIMONTON, 2018 WL 5257143, at *6 (S.D. Fla. Oct. 22, 2018). Indeed, the Eleventh Circuit has made clear that the application of the cost-of-living adjustment is considered "next to automatic." *Meyer*, 958 F.2d at 1035 n.9. When the work performed is over the course of several years, the hourly rate should be calculated to correspond to the cost of living for each year that the work was performed, not the rate at the time when the award is made. *Sensat*, 2018 WL 5257143, at *6 (collecting cases).

In this case, Plaintiff requests an hourly rate of $207.67, based on a cost-of living adjustment for February of 2020. ECF No. [26-1] at 4. However, although the cost-of-living adjustments are nearly "automatic," *Meyer*, 958 F.2d at 1035 n.9, the adjustment requested by Plaintiff's counsel is incorrectly calculated as it only uses information from 2020 to make the cost-of-living adjustment. Instead, the hourly rate should be calculated to correspond to the rate for the

---

[2] After *Meyer*, Congress increased the hourly rate from $75.00 per hour to $125.00. *See* 28 U.S.C. § 2412(d)(2)(A). The Court has adjusted the two-step analysis to account for this change in hourly rate.

year that the work was performed, not the rate for the year that the application was made or when work was completed.  *Sensat*, 2018 WL 5257143, at *6.  Properly calculated, Plaintiff's attorney should be compensated at an hourly rate of $205.25 for work performed in 2019, and $206.77 for work performed in 2020.[3]

ii.    **The Number Of Hours Plaintiff Requests Should Be Reduced By 6.8 hours.**

The fee applicant bears the burden to establish that the hours for which fees are sought were "reasonably expended on the litigation." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 435 (11th Cir. 1999).  Reasonable hours are "billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988) (citing *Norman*, 836 F.2d at 1301).  In the Eleventh Circuit, "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman*, 836 F.2d at 1306.  "[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." *Perkins*, 847 F.2d at 738 (citing *Norman*, 836 F.2d at 1301).  "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see

---

[3] The change in the cost-of-living (CCL) is calculated by taking the Annual CPI rate for the year in which the legal services were rendered, subtracting from it the March 1996 rate (which is 155.7), and dividing the difference by the March 1996 rate.  *See Sensat*, 2018 WL 5257143, at *6 n.12. The CCL is then multiplied and added to the statutory rate of $125.00 to find the adjusted hourly rate.  *Id*.  The data used for calculation are "available at http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button)." *Id*.  Using the steps outlined in *Sensat*, the CCL for 2019 is ((255.657- 155.7) ÷ 155.7 = (99.957) ÷ 155.7 = 0.6420), and the adjusted hourly rate is $205.25 ((0.6420× 125) + 125 = 205.25). For 2020, the CCL is ((257.557- 155.7) ÷ 155.7 = (101.857) ÷ 155.7 = 0.6542), and the adjusted hourly rate is $206.77 ((0.6542× 125) + 125 = 206.77).

that an adequate amount is awarded." *Barnes*, 168 F.3d at 428.  Purely clerical tasks such as faxing, mailing, filing, or converting documents to PDF are not considered reasonable hours and are therefore not recoverable under the EAJA.  *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999); *see also Sensat*, 2018 WL 5257143, at *4 (finding that plaintiff could not be awarded fees for clerical work performed).

Here, Plaintiff submits that her counsel, Joseph Teplicki, expended a total of forty-five hours in furtherance of this action.  ECF No. [26-2] at 4.  Plaintiff's Motion also includes counsel's time records which describe the tasks performed, the date the tasks were performed, and the amount of time spent to perform the tasks.  *Id.*

Defendant contends that those hours are unreasonable and should be reduced by fifteen hours.  ECF No. [28] at 3.  Defendant provides three reasons to support such reduction.  *Id.* at 3–6.  First, Defendant proposes that Plaintiff's request of 31.4[4] hours spent working on Plaintiff's Motion for Summary Judgment ("MSJ"), ECF No. [20], be reduced by 5.5 hours because Plaintiff's MSJ did not include any "novel or complex issues of law" and the issues had already been briefed to the Administrative Law Judge ("ALJ").  *Id.*  Second, Defendant argues that Plaintiff's request of 5.2 hours for preparing its petition for attorneys' fees is unreasonable and the award should be reduced by 4.2 hours.  *Id.* at 6.  Finally, Defendant argues that Plaintiff improperly billed 5.3 hours for clerical work.  *Id*. at 4.

After a thorough consideration of the record, the undersigned finds that a reduction in the hours requested is warranted.  First, Plaintiff's request for 31.4 hours in connection with preparing

---

[4] Although Defendant states that Plaintiff is requesting 31.6 hours for preparing the Motion for Summary Judgment, ECF No. [28] at 3, the correct number Plaintiff is requesting is 31.4, ECF No. [26-2] at 2–3

her MSJ is unreasonable and should be reduced by 5.5 hours.  Plaintiff's MSJ involved issues that are common and routinely addressed in social security cases.  ECF No. [20] at 3, 6, 10, 15. Although Plaintiff argues that Plaintiff's MSJ included a constitutional issue, the issue addressed in Plaintiff's MSJ amounted to a one-page discussion concerning the method of appointing an ALJ.  ECF No. [20]. at 19–20.  As such, there was nothing complex or out of the ordinary to merit over thirty hours of work.

Plaintiff's reliance on *Pupo v. Colvin*, No. 14-24299-CIV-SIMONTON (S.D. Fla. Nov. 12, 2014), where Mr. Teplicki was awarded $9,736.35 in attorneys' fees, is unpersuasive.  ECF No. [26] at 3.  Plaintiff argues that based on the $9,736.35 award in *Pupo*, this Court should infer that Plaintiff was compensated for 51.32 hours in that case and find that the request here is reasonable. ECF No. [29] at 4.  However, in *Pupo*, Mr. Teplicki's award was based on a stipulation entered into by the parties and the record provides no detail on the hours that were submitted.  *Pupo*, No 1:14-cv-24299, ECF No. [32].  As such, that matter provides little basis to find that the hours sought here are reasonable.  *See Poster v. Comm'r of Soc. Sec.*, No. 15-20984-CIV-OTAZO-REYES (S.D. Fla. Mar. 11, 2015) (reducing Mr. Teplicki's requested 33.55 hours for preparing the motion for summary judgment in a social security case to 22.37 hours); *Sensat*, 2018 WL 5257143, at *18 (reducing by fifty-five percent Mr. Teplicki's request of 41.3 hours for preparing the motion for summary judgment in a social security case and awarding only 18.59 hours).  In reviewing the filings at issue in this case, the undersigned determines that the requested hours are not reasonable for the work performed in this matter.

Moreover, Plaintiff's argument that the additional hours are reasonable because she included the Statement of Material Facts accompanying her MSJ is also unpersuasive.  ECF No.

[29] at 5.  The award of 25.9 hours sufficiently accounts for Plaintiff's Statement of Facts, a five-page document.  As such, the reduction of time for the preparation of the MSJ is warranted.

Second, the undersigned finds that Plaintiff's request of 5.2 hours for preparing the EAJA Motion is reasonable.  Although an EAJA motion for fees can generally be completed in less time, the undersigned recognizes the length and detail of Plaintiff's Reply in this case.  Plaintiff provided in-depth arguments and examined the various cases cited by Defendant in its Reply which, although ultimately rejected by the Court, were nonetheless detailed and required the additional time requested.  ECF No. [29].  *See Sensat*, 2018 WL 5257143, at *14 (finding that 4.8 hours was reasonable where the plaintiff prepared an EAJA motion and a subsequent reply brief to the defendant's response).  As such, the Court finds that no reduction is warranted with respect to its request for attorneys' fees.

Third, the undersigned finds that Plaintiff's request for attorneys' fees should be reduced by 1.3 hours as this time constituted clerical tasks that cannot be awarded.  Specifically, Plaintiff included the following time which cannot be recovered:

| 7/13/19 | Filing Complaint on CM/ECF, with Exhibits, 3 Proposed Summonses, and Civil Cover Sheet, as attachments to the Complaint, and Opening The Federal Court Case............................................................................ | 0.2 |
|---|---|---|
| 7/13/19 | Downloading and saving the Complaint with 8 attachments from CM/ECF, and the related email from the CM/ECF system..................... | 0.1 |
| 7/16/19 | Filing on CM/ECF "Motion for Special Process Server","Proposed Order on Motion for Special Process Server", "Notice of Filing Proposed Summonses", Proposed Summonses, USM-285 Forms for 3 entities to be served, and "Application to Proceed in District Court without Prepaying Fees or Costs"............................................................ | 0.2 |
| 7/16/19 | Downloading and Saving from CM/ECF "Motion for Special Process Server","Proposed Order on Motion for Special Process Server", "Notice of Filing Proposed Summonses", Proposed Summonses, USM-285 Forms for 3 entities to be served,"Application to Proceed in District Court without Prepaying Fees or Costs", and the related emails from the CM/ECF system.................................................. | 0.2 |
| 7/18/19 | Downloading an Saving from CM/ECF the Issued Summonses, and the and the related email from the CM/ECF system...................................... | 0.1 |
| 10/23/19 | Downloading and Saving from CM/ECF the" Court Transcript", the "Defendant's Answer to Complaint", the Defendant's "Notice of Appearance", the related emails from the CM/ECF system, and the paperless scheduling order ................................................................. | 0.1 |
| 12/12/19 | Filing on CM/ECF the "Plaintiff's Motion for Summary Judgment and Memorandum in Support Thereof" and the "Plaintiff's Statement of Material Facts to Accompany Plaintiff's Motion for Summary Judgment" and then Downloading an Saving them from CM/ECF along with the related emails from the CM/ECF system........................... | 0.2 |
| 1/14/20 | Downloading and Saving "Defendant's Unopposed Motion for Enlargement of Time" with Proposed Order and the related emails from the CM/ECF system, along with the related email from the CM/ECF system........................................................................................ | 0.1 |
| 3/5/20 | Downloading and Saving "Order on Unopposed Motion for Entry of Judgment", along with the related email from the CM/ECF system and the Notice of Closing Case from the CM/ECF system........................ | 0.1 |

ECF No. [26-2]. The Commissioner noted that other entries were also clerical, however, the undersigned has reviewed all the entries and only those identified above are clerical. Indeed, time

working on the complaint and finishing work on service documents are properly compensable under the EAJA.  ECF No. [26-2] at 1–2.

In short, Plaintiff should recover a total of 38.2 hours, including, 25.9 hours for preparing Plaintiff's MSJ; 5.2 hours for preparing Plaintiff's EAJA Motion and Reply; and 7.1 hours for other work generally performed throughout Plaintiff's case, including counsel's meetings with Plaintiff and working on the Complaint, which Defendant did not object to and the undersigned finds reasonable.  ECF No. [26-2].  As such, Plaintiff should be compensated at an hourly rate of $205.25 for 33.00 hours worked in 2019, *id.* at 1–3, and $206.77 for 5.2 hours worked in 2020, *id.* at 3–4.  Therefore, Plaintiff's counsel is owed total fees in the amount of $7,848.45, less any government debts Plaintiff owes.

### C.  The Attorneys' Fee Award Should Be Payable To Plaintiff's Counsel.

The undersigned next evaluates whether the award of attorneys' fees should be payable to Plaintiff or Plaintiff's attorney.  In *Astrue v. Ratliff*, the Supreme Court held that EAJA fee awards are awarded to the litigant, rather than to the litigant's attorney, and therefore EAJA fee awards are subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States.  560 U.S. 586, 589 (2010).  The Supreme Court noted that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney.  *Id.* at 596–98; *Montgomery v. Comm'r of Soc. Sec.*, No. 6:17-CV-1886-ORL-GJK, 2019 WL 2515824, at *1 (M.D. Fla. Feb. 6, 2019).  In order for an assignment to be valid, it must comply with the Anti-Assignment Act, 31 U.S.C. § 3727(b).[5]  *Milanes v. Berryhill*, No. 15-CV-

---

[5] The Anti-Assignment Act states in pertinent part that:

> [A] transfer or assignment of any part of a claim against the United States . . . or the authorization to receive payment for any part of the claim . . . may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for

23171-MCALILEY, 2017 WL 3493145, at *2 (S.D. Fla. Aug. 14, 2017).   However, the Government can waive the requirements of the Anti-Assignment Act.  *Sensat*, 2018 WL 5257143, at *7 n.14; *see Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992) (holding that the government may recognize the assignment of its obligations to another and waive the protection of anti-assignment statutes if it chooses); *see also Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893 (Fed. Cir. 2008) (holding that the government may waive the Anti–Assignment Act's prohibition in section 3727(a) against the assignment of claims).

Here, Plaintiff's Motion requests that the awarded fees be paid directly to Plaintiff's attorney.  Plaintiff's Motion refers to an Assignment of EAJA Fees ("Assignment") executed by Plaintiff that was filed at the time of the Complaint.  ECF No. [1-4].  Specifically, Plaintiff's Assignment states that Plaintiff "hereby assign[s] to Joseph Teplicki, Esquire any and all benefits/fees paid pursuant to the Equal Access to Justice Act."  *Id.*  The Assignment is signed by Plaintiff.  *Id.*   However, Plaintiff's Assignment fails to comply with the Anti-Assignment Act. Specifically, the Assignment does not satisfy the requirements of the Anti-Assignment Act because it: (1) was not attested by two witnesses, and (2) was not certified by an official.  ECF No. [1-4]. However, the Commissioner has not objected to the Assignment or to Plaintiff's request that the attorneys' fee award be paid directly to Plaintiff's counsel.  Consequently, even though the Assignment failed to comply with the requirements of the Anti-Assignment Act, as previously

---

payment of the claim has been issued.  The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses.  The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment.  The certificate shall state the official completely explained the assignment when it was acknowledged.  An assignment under this subsection is valid for any purpose.

31 U.S.C. §§ 3727(a)–(b).

noted, the undersigned finds that the Commissioner has waived the requirements of the Anti-Assignment Act. *See Milanes*, 2017 WL 3493145, at *2 (noting that the commissioner had waived the requirements of the Anti-Assignment Act, subject to plaintiff owing a federal debt, even though the assignment did not satisfy the requirements of the Anti-Assignment Act). Accordingly, the attorneys' fee award should be payable to Plaintiff's counsel, Mr. Joseph Teplicki, subject to offset against any pre-existing debt Plaintiff may owe to the United States.

## III.   RECOMMEDATION

For the foregoing reasons, this Court **RECOMMENDS** that Plaintiff's Motion, ECF No [26], be **GRANTED in part and DENIED in part**. An award of **$7,848.45** in attorneys' fees, less any government debt Plaintiff owes, shall be made payable directly to Plaintiff's counsel.

## IV.   OBJECTIONS

Pursuant to Local Magistrate Rule 4(b) and Federal Rule of Civil Procedure 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Any request for an extension of this deadline must be made within seven (7) calendar days from the date of this Order. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the report and shall bar the parties from challenging on appeal the District Judge's Order based on any factual or legal conclusions included in this Report to which the parties failed to object. 28 U.S.C. § 636(b)(1); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on November 9, 2020.

_____
JACQUELINE BECERRA
United States Magistrate Judge

12